McGREGOR W. SCOTT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-0009 TLN |
| Plaintiff, | STIPULATION AND ORDER VACATING TRIAL CONFIRMATION HEARING AND TRIAL DATE, SETTING NEW DATES, AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT |
| v. | |
| JUAN VILLANUEVA, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt,
counsel for the plaintiff United States of America, and defendant Juan Villanueva, by and through his
counsel Steven Teich, Esq., that the trial confirmation hearing currently set for April 2, 2020, at 9:30
p.m., and the trial date currently set for May 18, 2020, should be vacated, and a new trial confirmation
date set for September 3, 2020, at 9:30 a.m., and a new trial date of October 13, 2020, for the reasons
explained below. The parties further agree that time should be excluded from the Speedy Trial Act up to
and including the new trial date of October 13, 2020. This stipulation is made pursuant to the findings
proposed below, including the need for defense preparation and the this District's General Order
Numbers 611 and 612.

On March 17, 2020, the Court issued General Order 611, which suspends all jury trials in the
Eastern District of California scheduled to commence before May 1, 2020. This General Order was

entered to address public health concerns related to COVID-19.  On March 18, 2020, this Court issued General Order 612, which closed all courthouses of the United States District Court for the Eastern District of California shall be closed to the public and limited access to a narrow class of authorized persons.

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

General Order 611 excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the trial confirmation hearing of September 3, 2020, at 9:30 a.m. and a new trial date of October 13, 2020. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION TO PROPOSED FINDINGS

1.      By previous order, the Court set this matter for a trial confirmation hearing on April 2, 2020, and a trial date of May 18, 2020. Docket No. 106. The defendant is out of custody on conditions of release. Docket No. 12.

2.      By this stipulation, the parties now move to vacate the trial confirmation hearing on April 2, 2020, and the trial date of May 18, 2020, and further move for a new trial confirmation hearing of September 3, 2020, at 9:30 a.m. and a new trial date of October 13, 2020. The parties further move to exclude time between April 2, 2020, and October 13, 2020, under Local Code T4.

a)      The defense recently completed litigation on a series of discovery requests, with additional discovery produced as a result of that motion practice. Defense counsel anticipates requesting additional discovery and drafting additional motions before the new trial date.

b)      The additional time between April 2, 2020, and October 13, 2020, will provide counsel for the defendant time to review the discovery, conduct investigation and research related to the charges, prepare pretrial motions, and prepare for the new trial date.

c)      The United States believes that failure to grant the above-requested continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the following factors are present.

- A trial confirmation hearing on April 2, 2020, and trial date of May 18, 2020, would require the defendant and defense counsel to face a potential high-risk environment for the defendant to be exposed to COVID-19.

- Counsel and other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the dates currently set proceed in this case because of the large amount of personnel required to conduct a trial confirmation and trial in this case, including Court staff, deputies from the United States Marshals Service, and the lawyers who need to appear in this case.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 2, 2020, to October 13, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

Nothing in this stipulation and proposed order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

The parties further stipulate that the ends of justice are served by the Court excluding time from April 2, 2020, to October 13, 2020, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Specifically, the defense agrees that it needs time to review discovery and effectively evaluate the posture of the case, prepare additional pretrial motions, and conduct investigation into any possible defenses she may have to the charges. *Id.*

For these reasons, the defendant, defense counsel, and the government stipulate and agree that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); Local Code T4.

DATED: March 31, 2020                                    /s/Jason Hitt
                                                        JASON HITT
                                                        Assistant U.S. Attorney

DATED: March 31, 2020                                    /s/Jason Hitt for Mr. Teich
                                                        STEVEN TEICH, ESQ.
                                                        Counsel for defendant
                                                        Authorized to sign for Mr. Teich
                                                        on March 30, 2020

# O R D E R

Based upon the representations by counsel and the stipulation of the parties, IT IS HEREBY ORDERED that:

1.      The Court vacates the trial confirmation hearing of April 2, 2020, and trial date of May 18, 2020, based upon the joint motion and stipulation of the parties;

2.      The Court sets a new trial confirmation hearing date for September 3, 2020, at 9:30 a.m., and a new trial date of October 13, 2020, at 9:00 a.m.; and

3.      Based upon the representations and stipulation of the parties, the court finds that the time exclusion under 18 U.S.C. § 3161(h)(7)(A) and Local Code T4 applies and the ends of justice outweigh the best interest of the public and the defendant in a speedy trial based upon the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, time under the Speedy Trial Act shall be excluded up to and including October 13, 2020.

**IT IS SO ORDERED.**

DATE: March 31, 2020

_____
Troy L. Nunley
United States District Judge